SARAH B. JONES ET AL. V. CITY OF HOUSTON.

Decided January 12, 1907.

**1.—Grading Street—Measure of Damage.**

In a suit for damage to city property caused by grading an adjacent street, where the defendant city pleads and proves special benefits from such improvement, the proper measure of damage is the market value of said property immediately before and immediately after the construction of the improvement.

**2.—Same—Damage to Private Property.**

Where in a suit for damage to private property by grading an adjacent street it was not alleged that the work was negligently done, and plaintiffs based their suit solely on the constitutional provision that private property should not be damaged for public use without compensation, it was not reversible error to refuse to instruct the jury that in order for plaintiffs to recover it was not necessary for them to prove that the work was negligently done.

Error from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Brashear & Dannenbaum,* for plaintiffs in error.

*W. H. Wilson, T. H. Stone* and *T. C. Ford,* for defendant in error.

GILL, CHIEF JUSTICE.—Sarah B. Jones and her coplaintiffs sued the city of Houston to recover for damages to certain property owned by them situated in the city and abutting on Franklin Avenue and Travis Street. The damage claimed was alleged to be due to the lowering of the grade of the two streets at the points where they touched the property, whereby (so it was averred) the sidewalk was left so much higher than the street as it now is, that it is very difficult and inconvenient to load and unload goods to and from drays and other vehicles.

The answer controverted the truth of the allegations of the petition.

The cause was tried to a jury, and upon a general verdict for defendant the judgment complained of was rendered.

The facts are as follows: In 1903 the city of Houston paved with asphalt Franklin Avenue and Travis Street along and in front of the

property described in the petition, which was then and is now owned by plaintiffs. It is business property and the building was being used as a wholesale liquor house. In preparing the street for the paving the grade of the street was lowered, the evidence being conflicting as to the extent of the reduction at the points in controversy. The evidence strongly tends to show that the grade was so lowered in front of the property that it is now between four and five feet from the level of the sidewalk to the surface of the street, whereas before it was not more than two, and that as a consequence the property has been damaged in value. The defendant, however, adduced evidence tending to establish special benefits flowing from the improvement sufficient to offset such damages as the property sustained thereby, and this evidence is sufficient to support the verdict upon this point.

The assignments presented in the brief are confined to assaults upon the general charge and the act of the court in refusing one special charge.

Under the first assignment plaintiffs complain of the general charge on the ground that it nowhere contains an instruction to the jury upon the measure of damages which ought to control plaintiffs' recovery. A fair construction of the charge refutes this criticism. The jury are fairly instructed that the measure is the difference between the market value of the property immediately before and immediately after the construction of the improvements. The objections are in our opinion hypercritical and can not be allowed, especially in view of the fact that no special charge was requested elaborating the general charge upon the point. The charge is lengthy and it is not necessary to set it out in this opinion.

The objection to the charge on the issue of special benefits to the effect that it allows the consideration of benefits from other sources is equally without merit. It sufficiently appears from the charge, considered as a whole, that the special benefits, if any, were to be compared with the general benefits enjoyed by the property in the community *from the paving* of these streets, and not from *other sources* as contended by plaintiffs. We simply do not agree with plaintiffs as to the proper construction of the charge. Nor do we regard the point as having been unduly emphasized. The assignment is overruled.

Under the fourth assignment plaintiffs complain of the refusal to give to the jury their special charge number 1, as follows:

"The jury are instructed that in order for plaintiffs to recover it is not necessary for them to show that there had been any negligence or want of reasonable care on the part of the city. So if you should believe from the testimony that the property was damaged by the defendant as alleged and that the excavating was necessary to be done and was not negligently done, this of itself would be no defense, the Constitution of this State providing that private property shall not be damaged for public use unless compensation be made."

Counsel for plaintiffs contend that there was evidence to the effect that the work was skilfully done and was necessary and that there was other evidence to the opposite effect and that the charge was otherwise necessary because the jury was composed of men who had been sitting during the week in damage cases predicated alone upon negligence.

We have carefully examined plaintiffs' citations to the record and find

no such evidence. It can safely be said that the evidence presented no such contest to the jury. The suit was brought upon the theory that the work had been lawfully done, recovery was sought alone under the constitutional provision, and the defendant neither by its pleadings nor evidence suggested any other theory of defense than those affirmatively submitted by the court. The jury were distinctly instructed that if they found the property had been damaged they should find for plaintiffs unless the amount so found was overcome by special benefits. The charge might have been given without harm, but we are of opinion that nothing occurred upon the trial to render it necessary to the protection of plaintiffs' rights, and that its refusal was not error. The judgment is affirmed.

*Affirmed.*

Writ of error refused.